IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATIVIDAD SILVA, JR.,

                         Petitioner,                      OPINION AND ORDER

    v.

                                                       14-cv-424-wmc

LEANN LARIVA, Warden,
Federal Medical Center – Rochester,[1]

                         Respondent.

---

      Petitioner Natividad Silva, Jr., seeks habeas corpus relief under 28 U.S.C. § 2241 from his continued confinement at the Federal Medical Center in Rochester, Minnesota, under an enhanced sentence for successive firearms convictions under 18 U.S.C. § 924(c). *United States v. Silva*, 92-cr-342 (N.D. Tex.). The government has filed an answer and both parties have submitted briefing. After considering all of the pleadings and exhibits, the court concludes that the petition must be denied for reasons set forth below.

PROCEDURAL HISTORY

      Because Silva has made multiple attempts to challenge his conviction and sentence, an overview of the case's procedural history is necessary before addressing his challenge here.

---

[1] Since filing his petition, Silva was transferred to the Federal Medical Center in Rochester, Minnesota. The caption has been updated accordingly.

### A. Underlying Charges, Guilty Plea and Sentencing

On July 30, 1992, a grand jury in the Dallas Division of the Northern District of Texas returned a six-count indictment against Silva.  The charges stemmed from a series of armored-car robberies in and around the Dallas metropolitan area.  (Dkt. # 10, Exh. 4, *Rearraignment Trans*. at 7-10.)  Counts one, two, three and five charged Silva with robbery affecting commerce.  Count four charged Silva with using a firearm during a crime of violence, while count six charged Silva with using a firearm during a crime of violence as a second or successive offense.

On November 3, 1992, Silva pled guilty to all six counts of the indictment.  (Dkt. # 10, Exh. 4, *Rearraignment Trans*. at 3.)  The undisputed facts underlying the charged offenses are as follows:

> On June 8, 1992, the defendant [Silva] robbed Michael Rodriguez, a guard for Loomis Armed, Inc. at gunpoint as he was exiting the Home Depot store, 1975 W. Northwest Highway, Dallas, Texas.  The defendant took Mr. Rodriguez' gun and a money bag that contained approximately $43,508.86, including $15,101 in cash.

> On June 17, 1992, Silva robbed Robert Robles, a guard employed by Loomis Armed, Inc., at gunpoint as he was exiting the Home Depot store, 1441 Trinity Mills Roads, Carrollton, Texas.

> On July 6, 1992, Silva robbed Charles Wallace, a guard for Loomis Armed, Inc., at gunpoint as he was entering DFW Check Cashiers Store, 102 West Main Street, Grand Prairie, Texas.  The defendant took Mr. Wallace's gun but did not receive any money because the robbery took place before the guard entered the store.

> On July 6, 1992, approximately one hour after the robbery at DFW Check Cashiers Store, the defendant robbed Jose Garza, a guard for Armored Transport of Texas, at gunpoint as he was leaving the K-Mart Store, Cedar Hill, Texas.  The defendant took Mr. Garza's gun and approximately $45,980, including $19,000 in cash.

2

(Dkt. # 11, Exh. 3, *Presentence Report* at ¶¶ 2-5.)  Silva admitted that he was the gunman during each of the robberies.  Silva's co-defendant and brother, Jesus Silva, confessed to being the driver during the two robberies on July 6, 1992.

Silva's sentencing hearing took place on January 3, 1993.  During that proceeding, the district court sentenced Silva to concurrent 97-month terms of imprisonment for the robbery charges lodged in counts one, two, three and five.  The district court imposed a consecutive 60-month term of imprisonment on the first firearms offense alleged in count four, for carrying a firearm during a crime of violence  in violation of 18 U.S.C. § 924(c).  The district court then imposed a consecutive 20-year prison sentence on the second firearm offense outlined in count six, also for using a deadly weapon during a crime of violence in violation of § 924(c).  In doing so, the district court expressly found that the conviction in count six was subject to an enhancement found in § 924(c) for "second or successive" convictions for the use of a deadly weapon during a crime of violence, relying on the holding of the Fifth Circuit Court of Appeals in *United States v. Deal*, 954 F.2d 262 (5th Cir. 1992).  (Dkt. # 10, Exh. 4A, *Sentencing Trans*. at 32-33.)

In *Deal*, which also involved a string of armed robberies, the Fifth Circuit ruled that a second or successive conviction for use of a firearm during a crime of violence can result from the same indictment as the first such conviction.  *Deal*, 954 F.2d at 263.  Specifically, where separate counts relate to bank robberies committed on different occasions, the court held that the enhancement applies even when the second or successive convictions are part of the same indictment.  *Id*.  Any doubt as to this reading

3

of the statute was removed after the United States Supreme Court granted certiorari review and similarly held that a "second or subsequent conviction" as used in § 924(c) can arise in a single proceeding when multiple offenses are proved.  *See Deal v. United States*, 508 U.S. 129 (1993).  In other words, § 924(c) does not require a previous § 924 conviction to become final before the second or subsequent offense in order for an enhanced sentence to be imposed.

### B. Silva's Direct Appeal

On direct appeal to the Fifth Circuit, Silva understandably enough, chose not to challenge it recently minted *Deal* opinion, but rather argued that the district court erred by failing to authorize a downward departure under U.S.S.G. § 5K2.12, relying on evidence that he committed the offenses because of coercion by local drug dealers.  Silva argued further that the district court erred by refusing to authorize a downward departure for acceptance of responsibility.

The Fifth Circuit rejected both arguments, affirming the conviction and sentence in an unpublished opinion.  *See United States v. Silva*, N. 93-1311, 1993 WL 481588 (5th Cir. Nov. 3, 1993).  Thereafter, the Supreme Court denied Silva's petition for a writ of certiorari.  *See Silva v. United States*, 510 U.S. 1183 (1994).

### C. Post-Conviction Motion to Vacate Under 28 U.S.C. § 2255

After his conviction was affirmed on appeal, Silva filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel.  In an amended motion, Silva argued further that his

4

firearm conviction in count six of the indictment was part of the same conduct charged in count four and, therefore, could not have been a second or subsequent conviction for purposes of the enhancement found in 18 U.S.C. § 924(c).

The government filed a response opposing the amended motion on the grounds that Silva had procedurally defaulted these new claims by failing to raise the challenges in his direct appeal, and pointing out that, in any event, the claim was without merit because each of the two firearm convictions was related to a different armed robbery. (Dkt. # 10, Exh. 6B.)  As the government further pointed out, even though two of the armed robberies occurred on the same day, July 6, 1992, they also each involved different times, victims, and locations, and were separate and distinct acts.  *Id*.  As support for counting the second robbery on July 6, 1992, for enhancement purposes under 18 U.S.C. § 924(c)(1)(C)(i), the government relied in part on the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129 (1993).

Finding that the offense charged in count six was separate and distinct from the offense lodged in count four, a magistrate judge concluded that the enhancement for the second conviction was proper.  (Dkt. # 10, Exh. 6C.)  The magistrate judge concluded further that none of Silva's other claims were valid and recommended denying relief. The district court adopted the magistrate judge's findings, conclusions and recommendations and denied relief under § 2255.  (Dkt. # 10, Exhs. 6D, 6E.)  The Fifth Circuit affirmed that decision in an unpublished opinion.  *See United States v. Silva*, No. 97-10266, 1998 WL 29992 (5th Cir. Jan. 6, 1998).

### D. Successive Motions for Collateral Review

On August 20, 1999, Silva filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Texas. *See Silva v. United States,* No. 99-cv-548. The district court construed that petition as a motion to vacate under § 2255, transferring it to the Northern District of Texas, where Silva was convicted and sentenced.   (Dkt. # 10, Exh. 1A.)  The Northern District dismissed the motion, citing Silva's failure to obtain permission from the Fifth Circuit to file a successive motion under § 2255. *See Silva v. United States*, No. 99-cv-2036.  Thereafter, the Fifth Circuit denied Silva's motion to authorize a successive § 2255 motion. *See In re Natividad Silva*, No. 99-11277 (5th Cir. Dec. 29, 1999).

In early 2002, Silva sought leave to file another § 2255 motion.  The Fifth Circuit also denied that request. *See In re Natividad Silva*, No. 02-10176 (5th Cir. Dec. 29, 1999).  Undeterred, Silva promptly repeated his request for leave to file a successive motion under § 2255.  The Fifth Circuit denied that request as well, while at the same time issuing a sanctions warning against him for filing frivolous motions. *See In re Natividad Silva*, No. 02-10797 (5th Cir. Sept. 23, 2002).

In October 2002, Silva submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Texas. *See Silva v. Wendt*, No. 02-cv-2265.  In that petition, Silva argued that he was actually innocent of the firearm offense lodged against him in count six of the indictment because he did not actively employ the weapon during the underlying robbery, citing *Bailey v. United States*, 516 U.S. 137

(1995).   In *Bailey*, the Supreme Court held that use of a firearm during a crime of violence for purposes of 18 U.S.C. § 924(c) means active employment of the firearm, not mere possession.   516 U.S. at 143.   Silva further denied committing the robbery referenced in count six, accusing his co-defendant and brother, Jesus, of committing that offense.

In response to Silva's petition, the government argued that his request for relief under § 2241 was improper because he could not meet the requirements found in 28 U.S.C. § 2255(e), otherwise known as the § 2255 "savings clause."   The savings clause provides review in limited situations, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

The government argued further that Silva could not show that he was entitled to relief under *Bailey* because he previously admitted robbing the victim identified in count six at gun point and Silva failed to show that his brother committed the robbery. Moreover, the government argued that *Bailey* did not apply because Silva actively employed his weapon during the robbery.   Finally, the government observed that Silva could have raised a *Bailey* claim during his initial proceeding under § 2255, meaning that his claims were not properly considered under the savings clause.

A magistrate judge later issued findings and conclusions recommending that Silva's petition be dismissed.  *See Silva v. Wendt*, No. 02-cv-2265 (dkt. # 23.)  The magistrate judge found, in particular, that the evidence showed Silva actively employed a weapon during the robbery referred to in count six of the indictment, meaning *Bailey* did not apply to Silva's case.  The magistrate judge noted further that Silva raised the same claims in *two* motions for leave to file a successive motion under § 2255, which the Fifth Circuit twice rejected as frivolous.  *See In re Natividad Silva*, No. 02-10176 (5th Cir. Dec. 29, 1999); *In re Natividad Silva*, No. 02-10797 (5th Cir. Sept. 23, 2002).  The magistrate judge concluded, therefore, that Silva failed to establish that § 2255 was "inadequate or ineffective" within the meaning of savings clause.  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (requiring a petitioner to establish that his petition was based on a retroactively applicable Supreme Court decision showing that he was convicted of a non-existent offense or that he was foreclosed by circuit law from bringing his claim at trial, appeal, or in his initial § 2255 motion).

The district court adopted the magistrate's findings, conclusions and recommendations and dismissed the petition.  *See Silva v. Wendt*, No. 02-cv-2265 (dkt. #25.)  The Fifth Circuit affirmed the district court's decision in an unpublished opinion. *See Silva v. Wendt*, No. 03-11084 (5th Cir. July 26, 2004).

Subsequently, Silva filed two more unsuccessful habeas petitions challenging his conviction on count six of the indictment.  *See Silva v. Berkebile*, No. 08-cv-1240 (N.D. Tex.) (rejecting Silva's claim of actual innocence under *Bailey*), *aff'd*, No. 08-10914, 326

8

F. App'x 821, 822 (5th Cir. Aug. 24, 2009) (finding Silva's appeal frivolous); *Silva v. Fisher*, No. 12-1934, 2012 WL 4794138 (D. Minn. Oct. 9, 2012) (rejecting a similar *Bailey* claim as already adjudicated and noting that Silva admitted he actually used the gun during the robbery at issue, rather than his brother), *aff'd*, No. 12-3637 (8th Cir. Feb. 21, 2013).

### E.  Silva's Pending Petition for Relief Under 28 U.S.C. § 2241

In this case, Silva is yet again seeking relief under 28 U.S.C. § 2241 from his enhanced sentence.   In particular, Silva contends that relief is warranted from his conviction and sentence for the firearms offense charged in count six for the following reasons:  (1) the district court erred by enhancing his sentence under 18 U.S.C. § 924(c) because he was a first-time offender; and (2) he was denied effective assistance of counsel at sentencing when his defense attorney failed to object to the application of this enhancement.   Arguing further that he is actually innocent of the enhancement, Silva maintains that he must be resentenced, relying on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) and *Clark v. United States*, No. 13-cv-1026, 2013 WL 3032602 (C.D. Ill. June 17, 2013).

## OPINION

As an initial matter, Silva seeks relief under 28 U.S.C. § 2241 based on claims that are normally reserved for review under 28 U.S.C. § 2255, which is the exclusive means for challenging the validity of a federal sentence.   *See Unthank v. Jett*, 549 F.3d 534, 534 (7th Cir. 2008).   Although Silva is essentially restricted from seeking further relief under

§ 2255 here by the prohibition on successive motions and by the statute of limitations, a federal prisoner who is barred from seeking relief under § 2255 may not ordinarily circumvent those statutory restrictions on review by challenging his conviction or sentence under § 2241.  *See United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)).  To re-litigate his claims, therefore, Silva must meet a heavy burden to satisfy the savings clause found in § 2255(e) by establishing that remedy is inadequate or ineffective to test the legality of his detention.  *See Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014) (noting that relief is available under the savings clause only in "rare circumstances").

Unfortunately for Silva, he must satisfy three conditions before being allowed to proceed under the savings clause.  *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998).  First, his claim for relief must rely on "a 'statutory-interpretation case,' rather than a 'constitutional case.'"  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  Second, the case relied upon must apply retroactively such that he could not have invoked it in his first § 2255 motion.  *Id*. Third, where a sentence enhancement is alleged to be erroneous, there must "have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."  *Id*.

Silva's claim that his attorney was ineffective for failing to object to the sentence enhancement found in 18 U.S.C. § 924(c) meets none of the conditions for review under the savings clause.  Certainly, the record reflects that Silva's defense counsel did raise an

10

objection to the sentencing enhancement that was imposed in connection with count six of the indictment. (Dkt. # 11, *Presentence Report* and *Objections* at ¶ 69). Nevertheless, Silva's proposed objection to the sentence enhancement found in 18 U.S.C. § 924(c) remains foreclosed because the law is clearly settled that a second firearms conviction for purposes of § 924(c) *can* result from the same indictment as the first firearms conviction. *See Deal*, 508 U.S. at 132-37; *see also Greenlaw v. United States*, 554 U.S. 237, 241 (2008) (citing *Deal* and noting that when a defendant is charged in the same indictment with more than one offense qualifying for punishment under § 924(c), all convictions after the first qualify as second or successive for purposes of the enhancement). Silva does not otherwise show that his defense counsel had, but failed to make, a valid objection to the enhancement or that his sentence was imposed in error.

Finally, Silva's claim that he is entitled to relief from his enhanced sentence pursuant to *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), is without merit because the case is not retroactive or even relevant. In *Carachuri-Rosendo*, the Supreme Court held that an alien's second state misdemeanor conviction for simple drug possession, which was not enhanced based on the fact of a prior conviction, was not an "aggravated felony" punishable under the Controlled Substances Act, 18 U.S.C. § 924(c)(2), which would preclude relief in the form of cancellation of removal for purposes of the immigration statutes, *see* 8 U.S.C. § 1229b(a)(3). *Carachuri-Rosendo*, 560 U.S. at 582. Silva does not demonstrate that this holding applies to him, nor does it appear to the court to apply.[2]

---

[2] Similarly, Silva fails to show that the district court decision in *Clark v. United States*, No. 13-cv-

Even if it did, the Supreme Court has not held that the holding in *Carachuri-Rosendo* is retroactive such that it could apply to him.  *See* 28 U.S.C. § 2255(h)(2).

Based on this record, Silva fails to demonstrate that he satisfies the requisite conditions for review under the savings clause found in 28 U.S.C. § 2255(e). Accordingly, his petition is subject to dismissal.   More importantly, Silva does not establish that his enhanced sentence was imposed in error, nor that he is in custody in violation of the Constitution or laws of the United States.  For this reason, his petition will be denied.


ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Natividad Silva, Jr., pursuant to 28 U.S.C. § 2241 is DENIED and this case is DISMISSED with prejudice.

Entered this  6th day of January, 2017.

BY THE COURT:

/S/
_____
WILLIAM M. CONLEY
District Judge

---

1026, 2013 WL 3032602 (C.D. Ill. June 17, 2013), which references *Carachuri-Rosendo*, is of any assistance to him.